UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK HART                                                                                 CIVIL ACTION

VERSUS                                                                          NO. 15-2076

ROBERT C. TANNER, ET AL.                              SECTION "B"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Mark Hart, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against Warden Robert C. Tanner, Warden W. Sandy McCain, and Captain Ernestine Smith. In this lawsuit, plaintiff claims he has been provided with inadequate legal assistance at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on August 27, 2015. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2] Based on the allegations in the complaint and plaintiff's testimony at the Spears hearing, it is clear that he is claiming that he has been denied his right of access to the courts. Specifically, he claims that the prison's inmate counsel program has provided him with inadequate legal assistance in connection with another lawsuit he has pending in federal court. He alleges that he has sought the assistance of three separate inmates who serve as inmate counsel and none have proven satisfactory.[3]

The pending lawsuit to which plaintiff is referring is Hart v. Gusman, Civ. Action No. 14-2361 "H"(4) (E.D. La.). In that lawsuit, which was filed in October of 2014, plaintiff sued Sheriff

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[3] At the Spears hearing, plaintiff also referenced other ways he believes his rights are being violated at the prison. However, the instant lawsuit concerns only his access-to-courts claim. If plaintiff wishes to pursue other unrelated claims, his recourse is to file a separate lawsuit naming appropriate defendants with respect to those claims after exhausting his administrative remedies.

Marlin Gusman, Chief Earl Weaver, and Colonel T. Cole, claiming that they failed to protect him from a rape by another inmate. The record in that proceeding reflects that the defendants filed an answer on November 5, 2014, and the United States Magistrate Judge held a Spears hearing on November 26, 2014. To date, no rulings have been issued in the case.[4]

The law on access-to-courts claims is clear. The Supreme Court has held: "[O]ur decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 824 (1977). That right includes access to adequate law libraries or assistance from legally trained personnel needed to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Id. at 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

That said, a plaintiff has an actionable access-to-courts claim only if a defendant's conduct has resulted in "actual injury" – in other words, a plaintiff must be able to show that his position as a litigant has in fact been prejudiced by that conduct. See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996) ("Although Bounds itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite. And actual injury is apparent on the face of almost all the opinions in the 35-year line of access-to-courts cases on which Bounds relied." (citation omitted)); Frey v. Buckingham, 554 Fed. App'x 340, 341 (5th Cir. 2014) (where an inmate has failed to establish that suffered an actual injury, "he has not stated a claim for denial of access to the courts"); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998) ("[B]efore a prisoner

---

[4] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts." (quotation marks omitted)). Further, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Rather, "[s]uch an injury occurs when an inmate 'shows that an actionable claim ... which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented.'" Birl v. Hicks, 569 Fed. App'x 216, 217 (5th Cir. 2014) (quoting Lewis, 518 U.S. at 356).

In the instant case, it is evident that plaintiff has suffered no such injury with respect to Civil Action No. 14-2361. His complaint in that case was filed, a hearing was held, and the case is currently being screened by the Magistrate Judge as required by federal law. No ruling adverse to plaintiff has been issued in the case, and there is no pleading before the Court at this time which requires a response from him. Because he has suffered no "actual injury" in his pending litigation, his access-to-courts claim necessarily fails.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-eighth day of August, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.